# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>                    Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>                    Respondent. | Case No.: 17-CV-2401 JLS (BGS)<br><br>**ORDER: (1) DISMISSING CASE WITHOUT PREJUDICE; AND (2) DENYING AS MOOT MOTION TO APPOINT COUNSEL** |

    Petitioner, proceeding pro se, has filed a Petition for Writ of Habeas Corpus, ("Pet.," ECF No. 1), pursuant to 28 U.S.C. § 2254, challenging the bail set in his ongoing state criminal proceedings. Petitioner has also filed a Motion to Appoint Counsel, (ECF No. 3). Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Because there is no State court judgment here, the Court **CONSTRUES** the Petition to have been brought pursuant to 28 U.S.C. § 2241(c)(3), which empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

    In the instant petition, Petitioner complains he was subjected to excessive bail in violation of the Constitution. He requests that either his bail be reduced or he be granted

release on his own recognizance. The Petition must be dismissed, however, because this Court is barred from consideration of his claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id*. at 45–46; *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. At the time Petitioner filed the instant Petition, he admits that his case is still pending before the San Diego Superior Court. (*See* Pet. 5–6.) As such, Petitioner's criminal case is still ongoing in the state courts. Further, there is no question that the state criminal proceedings involve important state interests. Finally, Petitioner offers nothing to support a contention that the state courts do not provide him an adequate opportunity to raise his claims, and this Court specifically rejects such an argument.

Petitioner has failed to demonstrate that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings. *See Lazarus v. Baca*, 389 Fed. App'x. 700, 701 (9th Cir. 2010) (affirming dismissal of pretrial detainee's habeas petition challenging her detention as a violation of the Excessive Bail Clause of the Eighth Amendment and due process, upon a finding that *Younger* abstention applied); *see also, .e.g*., *Robinson v. Sniff*, No. EDCV 09-33-DDP (RC), 2009 WL 1037716, at *1 (C.D. Cal. Apr. 17, 2009) (dismissing on *Younger*

grounds pretrial detainee's petition for writ of habeas corpus alleging excessive bail); *Sojourner v. Reed*, No. 9-CV-597-TWT-ECS, 2009 WL 762517, at *1 (N.D. Ga. Mar. 20, 2009) (invoking abstention doctrine where state habeas petitioner making an excessive bail claim); *Merrick v. Ornell*, Nos. C 96-4659 MMC, C 96-4660 MMC, 1997 WL 12128, at *1 (N.D. Cal., Jan. 8, 1997) (invoking abstention doctrine where state habeas petitioner claiming that he was being held on excessive bail).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Petition, (ECF No. 1).[1] *See Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action). Because the Court dismisses the Petition, the Court also **DENIES AS MOOT** Petitioner's Motion to Appoint Counsel, (ECF No. 3).

**IT IS SO ORDERED.**

Dated: January 4, 2018

Hon. Janis L. Sammartino
United States District Judge

---

[1] The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging the terms of his bail. On June 8, 2017, Petitioner filed in a Court a Petition for Writ of Habeas Corpus in case No. 17-CV-1164. In that petition, Petitioner also challenged his pre-trial detention and the terms of his bail. On August 27, 2107, Judge Benchivengo denied the petition pursuant to the *Younger* abstention doctrine. (*See* Order filed Aug. 27, 2017 in case No. 17-CV-1164 CAB (NLS).)